ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Dec-22  11:51:29
60CV-17-7491
C06D16 : 9 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**SHAWONDA BROWN**                                                     **PLAINTIFF**

V.                   **CASE NO.: 60CV-17_____**

**JACOB HEINZ, RUAN LOGISTICS CORPORATION,**
**RUAN INCORPORATED,**
**KIEWIT INFRASTRUCTURE SOUTH COMPANY, and**
**John Doe 1, John Doe 2, John Doe 3, John Doe 4**
**John Doe 5, John Doe 6**                               **DEFENDANTS**

### COMPLAINT

**COMES NOW** the Plaintiff, Shawonda Brown, by and through her attorneys, Taylor King Law, and for her cause of action against the Defendants Jacob Heinz, Ruan Logistics Corporation, Ruan Incorporated, Kiewit Infrastructure South Company, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, and John Doe 6 alleges and states as follows:

### I.
### JURISDICTION AND VENUE

1. That Plaintiff, Shawonda Brown is a resident of Scott, Pulaski County, Arkansas.

2. That Separate Defendant, Jacob Heinz is a resident of Littleton, Arapahoe County, Colorado.

3. That Separate Defendant, Ruan Logistics Corporation is a Foreign for Profit Corporation doing business in the state of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

4. That Separate Defendant, Ruan, Incorporated is a Foreign for Profit Corporation doing business in the state of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.



EXHIBIT A

5. That Separate Defendant, Kiewit Infrastructure South Company is a Foreign for Profit Corporation doing business in the state of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

6. John Doe 1-2 represents any unknown person, entity, contractor, subcontractor, business or corporation which owned, leased or otherwise exercised a controlling interest in the red semi-trailer operated by Jacob Heinz on the day of the accident which is the subject to the current litigation.

7. John Doe 3-4 represents any successor in interest or obligation of any named Defendant, should it be discovered that such Defendant was dissolved, wound up, or otherwise had its assets and obligations transferred to a different person or entity prior to filing of this Petition.

8. John Doe 5-6 represents any unknown entity, contractor, subcontractor, business or corporation which owned, operated, or otherwise controlled the road construction site in which the subject of this litigation.

9. That the automobile wreck that caused this action to be filed occurred in Little Rock, Pulaski County, Arkansas.

10. Venue is proper in this Court based on the location of the incident giving rise to this claims and/or parties hereto.

11. This Court has jurisdiction over the parties and subject matter pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by Arkansas Code Annotated §16-13-201.

## II.
## FACTS

12. On or about August 26, 2016, at approximately 8:54 a.m., the Plaintiff, Shawonda Brown, was operating a 2016 Chevrolet Tahoe. Plaintiff was traveling in lane one westbound on Interstate 440 at approximately Log Mile 3.648 in Little Rock, Pulaski County, Arkansas.

13. At the same time and place Thermon Washington was operating a 2013 Chevrolet Sonic, directly in front of the Plaintiff, in lane one westbound on Interstate 440 at approximately Log Mile 3.648 in Little Rock, Pulaski County, Arkansas.

14. At the same time and place Joseph Jones was operating a 2006 Chrysler/Daimler, directly in front of Thermon Washington and two cars in front of the Plaintiff, in lane one westbound on Interstate 440 at approximately Log Mile 3.648 in Little Rock, Pulaski County, Arkansas.

15. That Separate Defendant, Kiewit Infrastructure South Company, owned or controlled the tractor trailer traveling westbound in a construction area near or parallel to Interstate 440 at Log Mile 3.648, operated by Jacob C. Heinz within the scope of his employment for Kiewit Infrastructure South Company.

16. That said construction area was a project funded by the State of Arkansas and can be referenced to Contract-I.D. number BB0611 and Contract Name "Bankhead Dr. – Ark. River Bridge."

17. That Separate Defendants, Ruan Logistics Corporation and Ruan Incorporated, owned or controlled the tractor trailer traveling westbound in the construction area near or parallel to Interstate 440 at approximately Log Mile 3.648, operated by Jacob C. Heinz within the scope of his employment for Ruan Logistics Corporation and Ruan Incorporated.

18. John Doe 1-2 were any unknown person, entity, contractor, subcontractor, business or corporation which owned, leased or otherwise exercised a controlling interest in the red semi-trailer operated by Jacob Heinz on the day of the accident which is the subject to the current litigation.

19. John Doe 3-4 represents any successor in interest or obligation of any named Defendant, should it be discovered that such Defendant was dissolved, wound up, or otherwise had its assets and obligations transferred to a different person or entity prior to filing of this Petition.

20. John Doe 5-6 represents any unknown person, entity, contractor, subcontractor, business or corporation which owned, operated, or otherwise controlled the road construction site in which the subject of this litigation.

21. That said tractor trailer created a large dust cloud covering the entire roadway, very quickly reducing visibility on the roadway.

22. That no flag-men, temporary stop signs, low visibility signs, or other hazards markers were in use near the scene of the accident to warn drivers of the dust clouds created.

23. That Thermon Williams struck the rear of Joseph Jones' vehicle causing his vehicle to rotate clockwise, obstructing both lanes of traffic, with the front of his vehicle striking the concrete barrier separating the road and construction site.

24. That Plaintiff, Shawonda Brown, quickly slowed due to the dust coverage but was unable to keep the front of her vehicle from making contact with the right side of Thermon Williams due to his vehicle being immobilized in the middle of the highway at the time.

25. The Plaintiff's vehicle suffered damage due to the impact.

26. As a result of the conduct of the Defendants Jacob Heinz, Kiewit Infrastructure South Company, Ruan Logistics Corporation, Ruan Incorporated, and John Doe 1-6 the Plaintiff suffered injuries and damages as more specifically described herein.

## NEGLIGENCE OF JACOB HEINZ

27. Plaintiff alleges that the Separate Defendant, Jacob Heinz, committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages sustained by the Plaintiff.

28. Specific acts and omissions include, but are not limited to, the following:

   a. Failure to keep a proper lookout;

   b. Failure to keep his vehicle under reasonable control;

   c. Failure to make proper use of the instrumentalities in his control so as to prevent a collision when he saw, or in the exercise of ordinary care should have seen the visual obstruction caused by his vehicle;

   d. Failure to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen the visual obstruction caused by his vehicle;

   e. Failure to drive at a speed that was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards;

   f. Careless, prohibited, and inattentive driving;

   g. Failing to warn other drivers on the road of hazardous conditions caused by his vehicle;

   h. Failure to use ordinary care to provide for the safety of the traveling public; and

      i. Otherwise failing to exercise ordinary care under the circumstances.

29. At all times relevant herein, Defendant Jacob Heinz was an agent, servant, or employee of Defendant Ruan Logistics Corporation, Ruan, Incorporated, and Kiewit Infrastructure South Company; acting within the course and scope of his employment, agency, or service; and any conduct on the part of Defendant, Jacob Heinz is imputed by law to Defendants Ruan Logistics Corporation, Ruan, Incorporated, and Kiewit Infrastructure South Company.

30. In the alternative, Separate Defendant, Jacob Heinz was an agent, servant, or employee of John Does 1-6, acting within the course and scope of his employment, agency, or service; and any conduct on the part of Jacob Heinz is imputed by law to Defendants Ruan Logistics Corporation, Ruan, Incorporated, Kiewit Infrastructure South Company, and/or John Does 1-6, who are vicariously liable.

31. At all times relevant herein, Defendant Kiewit Infrastructure South Company was engaged in a joint enterprise with Ruan Trucking and Ruan Incorporated, imputing any negligence on the part of any of the participant to each and every other participant in the joint enterprise.

32. As a result of the conduct of the Defendants Jacob Heinz, the Plaintiff suffered injuries and damages as more specifically described herein.

## NEGLIGENCE OF KIEWIT INFRASTRUCTURE SOUTH COMPANY

33. Plaintiff alleges that the Separate Defendant, Kiewit Infrastructure South Company, committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages sustained by the Plaintiff.

34. Specific acts and omissions include, but are not limited to, the following:

    a. Failure to use ordinary care to provide for the safety of travelers on the road;

    b.    Failure to give reasonable warning to travelers of any hazards created by Kiewit Infrastructure's activities and its employees;

    c.    Failure to make use of flag-men, signage, flashing lights, or other reasonable methods to warn travelers of hazardous conditions;

    d.    Failure to cease operations upon creation of a hazardous situation;

    e.    Failure to use ordinary care to comply with those provisions of their contract which were inserted for the safety of the public; and

    f.    Otherwise failing to exercise ordinary care under the circumstances.

35. At all times relevant herein, Defendant Kiewit Infrastructure South Company was engaged in a joint enterprise with Ruan Trucking and Ruan Incorporated, imputing any negligence on the part of any of the participants to each and every other participant in the joint enterprise.

36. In the alternative, at all times relevant herein, Defendant Kiewit Infrastructure South Company was engaged in a joint enterprise with John Doe 1-6, imputing any negligence on the part of any of the participants to each and every other participant in the joint enterprise.

37. In the alternative, at all times relevant herein, Defendant Kiewit Infrastructure South Company was an agent, servant, or employee of Defendant Ruan Logistics Corporation and Ruan Incorporated, acting within the course and scope of his employment, agency, or service; and any conduct on the part of Kiewit Infrastructure South Company is imputed by law to Defendants Ruan Logistics Corporation and Ruan, Incorporated, who are vicariously liable.

38. In the alternative, Defendant Kiewit Infrastructure South Company was an agent, servant, or employee of John Doe 1-6, acting within the course and scope of its employment, agency, or service; and any conduct on the part of Kiewit Infrastructure South Company is imputed by law to

Defendants Ruan Logistics Corporation, Ruan, Incorporated, Kiewit Infrastructure South Company, and/or John Does 1-6, who are vicariously liable.

## IV.
## DAMAGES

39. As a direct and proximate result of the Defendants, the Plaintiff, Shawonda Brown sustained serious personal injuries, incurred medical care, treatment and services in the past and is reasonable certain to require medical care, treatment and services in the future.

40. Further, the Plaintiff has experienced pain, suffering and mental anguish in the past and is reasonable certain to experience pain, suffering and mental anguish in the future.

41. Further, as a result of the conduct of the Defendants, the Plaintiff should be compensated for the nature, extent, duration and permanency of his injuries and damages as set out herein.

42. Further, the Plaintiff should be compensated the value of any earnings, profits, and salary lost due to the conduct of the Defendants.

43. Finally, as a further direct and proximate result of the Defendant's negligence, the Plaintiff, Shawonda Brown's vehicle was damaged.

**WHEREFORE**, the Plaintiff, Shawonda Brown, respectfully prays for a judgment against the Jacob Heinz, Ruan Logistics Corporation, Ruan, Incorporated, Kiewit Infrastructure South Company, and John Does 1-6 in an amount adequate to compensate her for the injuries and damages she has sustained; and in excess of the minimum diversity jurisdiction requirement of

$75,000.00. The Plaintiff further prays for costs, interest and all other just and proper relief in which she may be entitled. Plaintiff reserves the right to amend further herein. The Plaintiff prays for a jury trial.

                        Respectfully Submitted,

                        Taylor King Law
                        320 Main Street
                        Arkadelphia, AR 71923
                        (870) 246-0505

                        _____
                        Jordan "JP" Phillips, ABN 2015155
                        *Attorney for Plaintiff*