FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 3 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHAWONDA BROWN                                                    PLAINTIFF

V.                          CASE NO.: 4:18-cv-00067-SWW

JACOB HEINZ, RUAN LOGISTICS CORPORATION,
RUAN INCORORATED,
KIEWIT INFRASTRUCTURE SOUTH COMPANY,
THERMON WASHINGTON, JOSEPH JONES, and
John Doe 1, John Doe 2, John Doe 3, John Doe 4
John Doe 5, John Doe 6                                          DEFENDANTS

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Shawonda Brown, by and through her attorneys, Taylor

King Law, and for her cause of action states as follows:

This Amended Complaint is filed contingent on the Court granting the Plaintiff's Motion

for Leave to Amended and Supplemented Complaint, pursuant to *Federal Rule of Civil*

*Procedure 15(a)(2)*; and is done so in order to comply with the strict 30-day time constraints of

*Arkansas Rule of Civil Procedure 9(h)* and *28 USCS § 1447(c)*.

The substantive purpose of this Amendment is to add Thermon Washington and Joseph

Jones to this lawsuit as Defendants, pursuant to Arkansas Rule of Civil Procedure 9(h). Plaintiff

incorporates Complaint filed December 22, 2017 herein by reference.

I.

## JURISDICTION AND VENUE

1. That Plaintiff, Shawonda Brown is a resident of Scott, Pulaski County, Arkansas.

2. That Separate Defendant, Thermon Washington is a resident of Humnoke, Lonoke County,

Arkansas.

EXHIBIT
1

3. That Separate Defendant, Joseph Jones is a resident of North Little Rock, Pulaski County, Arkansas.

4. That Separate Defendant, Jacob Heinz is a resident of Michigan.

5. That Separate Defendant, Ruan Logistics Corporation is a Foreign for Profit Corporation doing business in the state of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

6. That Separate Defendant, Ruan, Incorporated is a Foreign for Profit Corporation doing business in the state of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

7. That Separate Defendant, Kiewit Infrastructure South Company is a Foreign for Profit Corporation doing business in the state of Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8. John Doe 1-2 represents any unknown person, entity, contractor, subcontractor, business or corporation which owned, leased or otherwise exercised a controlling interest in the red semi-trailer operated by Jacob Heinz on the day of the accident which is the subject to the current litigation.

9. John Doe 5-6 represents any unknown entity, contractor subcontractor, business or corporation which owned, operated, or otherwise controlled the road construction site in which is the subject of this litigation.

10. That the automobile wreck that caused this action to be filed occurred in Little Rock, Pulaski County, Arkansas.

11. Venue is proper in this Court based on the location of the incident giving rise to this claims and domicile of the parties hereto.

12. This Court does not have jurisdiction over the parties involved, pursuant to *28 U.S. Code §1332*, as the addition of Thermon Washington and Joseph B. Jones, Jr. has destroyed total diversity of citizenship

*13.* The Circuit Court of Pulaski County, Arkansas, has proper jurisdiction over the parties and subject matter pursuant to Pulaski County Circuit Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by *Arkansas Code Annotated §16-13-201.*

## II.
## FACTS

14. On or about August 26, 2016, at approximately 8:54 a.m., the Plaintiff, Shawonda Brown, was operating a 2016 Chevrolet Tahoe. Plaintiff was traveling in lane one westbound on Interstate 440 at Log Mile 3.648 in Little Rock, Pulaski County, Arkansas.

15. At the same time and place, Separate Defendant, Thermon Washington, was operating a 2013 Chevrolet Sonic in front of the Plaintiff, in lane one westbound on Interstate 440 at Log Mile 3.648 in Little Rock, Pulaski County, Arkansas.

16. At the same time and place, Separate Defendant, Joseph Jones, was operating a 2006 Chrysler/Daimler, directly in front of Separate Defendant, Thermon Washington and two cars in front of the Plaintiff, in lane one westbound on Interstate 440 at Log Mile 3.648 in Little Rock, Pulaski County, Arkansas.

17. That Separate Defendant, Kiewit Infrastructure South Company, owned or controlled the tractor trailer traveling westbound in the construction area near or parallel to Interstate 440 at Log Mile 3.648, operated by Jacob Heinz within the scope of his employment for Kiewit Infrastructure South Company.

18. That said construction are was a project funded by the State of Arkansas and can be referenced to Contract-I.D. number BB0611 and Contract Name "Bankhead Dr. – Ark. River Bridge."

19. That Separate Defendants, Ruan Logistics Corporation and Ruan Incorporated, owned or controlled the tractor trailer traveling westbound in the construction area near or parallel to Interstate 440 at Log Mile 3.648, operated by Jacob Heinz within the scope of his employment for Ruan Logistics Corporation and Ruan Incorporated.

20. John Doe 1-2 were any unknown person, entity, contractor, subcontractor, business or corporation which owned, leased or otherwise exercised a controlling interest in the red semi-trailer operated by Jacob Heinz on the day of the accident which is the subject to the current litigation.

21. John Doe 3-4 represents any successor in interest or obligation of any named Defendant, should it be discovered that such Defendant was dissolved, wound up, or otherwise had its assets and obligations transferred to a different person or entity prior to the filing of this Petition.

22. John Doe 5-6 represents any unknown person, entity, contractor, subcontractor, business or corporation which owned operated, or otherwise controlled the road construction site which is the subject of this litigation.

23. That said tractor trailer created a large dust cloud covering the entire roadway, very quickly reducing visibility on the roadway.

24. That no flag-men, temporary stop signs, low visibility signs, or other hazards markers were in use near the scene of the accident pc the accident to warn drivers of the dust clouds created.

25. That Separate Defendant, Thermon Washington, struck the rear of Separate Defendant, Joseph Jones' vehicle, causing his vehicle to rotate clockwise, obstructing both lanes of traffic, with the front of his vehicle striking the concrete barrier separating the road and construction site.

26. That Plaintiff, Shawonda Brown, quickly slowed due to the dust coverage but was unable to keep the front of her vehicle from making contact with the right side of Separate Defendant, Thermon Washington, due to his vehicle being immobilized in the middle of the highway at the time.

27. The Plaintiff's vehicle suffered damage due to the impact.

28. As a result of the conduct of the Defendants, Jacob Heinz, Kiewit Infrastructure South Company, Ruan Logistics Corporation, Ruan Incorporated, Thermon Washington, Joseph Jones, and John Doe 1-6, the Plaintiff suffered injuries and damages as more specifically described herein.

### III.
### NEGLIGENCE OF JACOB HEINZ

29. Plaintiff alleges that Separate Defendant, Jacob Heinz, committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages sustained by the Plaintiff.

30. Specific acts and omissions include, but are not limited to, the following:

   a. Failure to keep a proper lookout;

   b. Failure to keep his vehicle under reasonable control;

   c. Failure to make proper use of the instrumentalities in his control so as to prevent a collision when he saw, or in the exercise of ordinary care should have seen the visual obstruction caused by his vehicle;

d.  Failure to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen the visual obstruction caused by his vehicle;

e.  Failure to drive at a speed that was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards;

f.  Careless, prohibited, and inattentive driving;

g.  Failure to warn other drivers on the road of hazardous conditions caused by his vehicle;

h.  Failure to use ordinary care to provide for the safety of the traveling public; and

i.  Otherwise failing to exercise ordinary care under the circumstances.

31. At all times relevant herein, Separate Defendant, Jacob Heinz was an agent, servant, or employee of Separate Defendants, Ruan Logistics Corporation, Ruan Incorporated, and Kiewit Infrastructure South Company; acting within the course and scope of his employment, agency, or service; and any conduct on the part of Jacob Heinz is imputed by law to Defendants Ruan Logistics Corporation, Ruan Incorporated, and Kiewit Infrastructure South Company.

32. In the alternative, Separate Defendant, Jacob Heinz was an agent, servant, or employee of John Doe 1-6, acting within the course and scope of his employment, agency, or service; and any conduct on the part of Jacob Heinz is imputed by law to Separate Defendants, Ruan Logistics Corporation, Ruan Incorporated, Kiewit Infrastructure South Company, and/or John Does 1-6, who are vicariously liable.

33. At all times relevant herein, Separate Defendant, Kiewit Infrastructure South Company was engaged in a joint enterprise with Ruan Logistics Corporation and Ruan Incorporated,

imputing any negligence on the part of any of the participants to each and every other participant in the joint enterprise.

34. As a result of the conduct of the Separate Defendant, Jacob Heinz, the Plaintiff suffered injuries and damages as more specifically described herein.

## NEGLIGENCE OF KIEWIT INFRASTRUCTURE SOUTH COMPANY

35. Plaintiff alleges that the Separate Defendant, Kiewit Infrastructure South Company, committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages sustained by the Plaintiff.

36. Specific acts and omissions include, but are not limited to, the following:

a.   Failure to use ordinary care to provide for the safety of travelers on the road;

b.   Failure to give reasonable warning to travelers of any hazards created by Kiewit Infrastructure's activities and its employees;

c.   Failure to make use of flag-men, signage, flashing lights, or other reasonable methods to warn travelers of hazardous conditions;

d.   Failure to cease operations upon creation of a hazardous situation;

e.   Failure to use ordinary care to comply with those provisions of their contract which were inserted for the safety of the public; and

f.   Otherwise failing to exercise ordinary care under the circumstances.

37. At all times relevant herein, Separate Defendant, Kiewit Infrastructure South Company was engaged in a joint enterprise with Ruan Logistics Corporation and Ruan Incorporated, imputing any negligence on the part of any of the participants to each and every other participant in the joint enterprise.

38. In the alternative, at all times relevant herein, Separate Defendant, Kiewit Infrastructure South Company was engaged in a joint enterprise with John Doe 1-6, imputing any negligence on the part of any of the participants to each and every other participant in the joint enterprise.

39. In the alternative, at all times relevant herein, Separate Defendant, Kiewit Infrastructure South Company was an agent, servant, or employee of Separate Defendants, Ruan Logistics Corporation and Ruan Incorporated, acting within the course and scope of its employment, agency, or service; and any conduct on the part of Kiewit Infrastructure South Company is imputed by law to Defendants Ruan Logistics Corporation and Ruan Incorporated, who are vicariously liable.

40. In the alternative, Separate Defendant, Kiewit Infrastructure South Company was an agent, servant, or employee of John Doe 1-6, acting within the course and scope of its employment, agency, or service; and any conduct on the part of Kiewit Infrastructure South Company is imputed by law to Separate Defendants, Ruan Logistics Corporation, Ruan Incorporated, Kiewit Infrastructure South Company, and/or John Does 1-6, who are vicariously liable.

## NEGLIGENCE OF THERMON WASHINGTON

41. Plaintiff alleges that the Separate Defendant, Thermon Washington, committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages sustained by the Plaintiff.

42. Specific acts and omissions include, but are not limited to, the following:

    a. Upon information and belief, Failure to keep a proper lookout; (See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

    b. Upon information and belief, Failure to keep his vehicle under reasonable control; (See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

    c.  Upon information and belief, Failure to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen, that he was going to collide into the another vehicle and cause a wreck;

    d.  Careless, prohibited, and inattentive driving;

    e.  Upon information and belief, Failure to drive at a speed that was reasonable and prudent under the circumstances, (See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

    f.  Upon information and belief, Otherwise failing to exercise ordinary care under the circumstances.(See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

## NEGLIGENCE OF JOSEPH JONES

43. Plaintiff alleges that the Separate Defendant, Joseph Jones, committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages sustained by the Plaintiff.

44. Specific acts and omissions include, but are not limited to, the following:

    a.  Upon information and belief, Failure to keep a proper lookout; (See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

    b.  Upon information and belief, Failure to keep his vehicle under reasonable control; (See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

    c.  Upon information and belief, Failure to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen, that he was going to collide into the another vehicle and cause a wreck;

    d.  Careless, prohibited, and inattentive driving;

e. Upon information and belief, Failure to drive at a speed that was reasonable and prudent under the circumstances, (See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 4)

f. Upon information and belief, Otherwise failing to exercise ordinary care under the circumstances.( See Separate Defendant Jacob Heinz's Answer to Plaintiff's Complaint ¶ 5)

## IV.
## DAMAGES

45. As a direct and proximate result of the Defendants, the Plaintiff, Shawonda Brown sustained serious personal injuries, incurred medical care, treatment and services in the past and is reasonable certain to require medical care, treatment and services in the future.

46. Further, the Plaintiff has experienced pain, suffering and mental anguish in the past and is reasonable certain to experience pain, suffering and mental anguish in the future.

47. Further, as a result of the conduct of the Defendants, the Plaintiff should be compensated for the nature, extent, duration and permanency of his injuries and damages as set out herein.

48. Further, the Plaintiff should be compensated the value of any earnings, profits, and salary lost due to the conduct of the Defendants.

49. Finally, as a further direct and proximate result of the Defendants' negligence, the Plaintiff, Shawonda Brown's vehicle was damaged.

**WHEREFORE,** the Plaintiff, Shawonda Brown respectfully prays for a judgment against the Defendants, Thermon Washington, Joseph Jones, Jacob Heinz, Ruan Logistics Corporation, Ruan Incorporated, Kiewit Infrastructure South Company, Thermon Washington, and Joseph Jones, in an amount adequate to compensate her for the injuries and damages she has sustained;

and in excess of the minimum diversity jurisdiction requirement of $75,000.00. The Plaintiff

further prays for costs, interest and all other just and proper relief in which she may be entitled.

Plaintiff reserves the right to amend further herein.  The Plaintiff prays for a jury trial.

Respectfully Submitted,

Taylor King Law
1306 Caraway Road
Jonesboro, AR 72401
(870) 246-0505


Jordan "JP" Phillips, ABN 2015155
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Jordon "JP" Phillips, do hereby certify that I have this day served a copy of the Plaintiff's Amended Complaint, by placing a copy in the United States Mail with sufficient postage for first class deliver to the attorneys of record as listed below on this the _____ day of February, 2018.

Jeffrey Puryear
Ryan Wilson
Womack Phelps Puryear Mayfield & McNeil, PA
301 West Washington
P.O. Box 3077
Jonesboro, AR 72403
*Attorneys for Defendants*
*Jacob Heinz and Kiewit Infrastructure South Company*

Keith McPherson
Watts, Donovan & Tilley
200 River Market Avenue, Suite 200
Little Rock, AR 72201
*Attorney for Defendants*
*Ruan Logistics Corporation and*
*Ruan Incorporated*

_____
Jordan "JP" Phillips